# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

CHRISTOPHER BENJAMIN, )
)
     Plaintiff, )
)
vs. )
)
ST. PETERSBURG HOUSING )
AUTHORITY, )
)
     Defendant. )
)

8:17 cv 1665 T 33 AAS

## COMPLAINT

    Plaintiff, Christopher Benjamin, sues the Defendant, St. Petersburg Housing Authority (hereinafter "SPHA"), and as good grounds alleges as follows:

### Preliminary Statement

    1.    Plaintiff, Christopher Benjamin (hereinafter "Chris") is an indigent and disabled individual, who is in need of, and eligible to receive, assistance from Defendant SPHA's Pubic Housing Program and Defendant SPHA's Housing Choice Voucher Program (hereinafter "Section 8 Program").

    2.    Defendant has improperly denied Chris's request for a reasonable accommodation that would allow him to properly complete the application process for Defendant's Public Housing and Section 8 Programs, and has failed in engage in an interactive process with Chris to identify and implement an appropriate reasonable accommodation. Specifically, Chris has requested that all necessary documents pertaining to Defendant's Public Housing and Section 8

1

Programs be provided in large print format or an electronic format, and said request was, and continues to be, denied.

3.     In engaging in such discriminatory conduct – which is ongoing – the Defendant has intentionally violated the Fair Housing Act, as amended, 42 U.S.C. § 3604 (hereinafter, "FHA"); the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 (hereinafter, "ADA"); and Section 504(a) of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794 (hereinafter, "Rehabilitation Act").

4.     As such, Chris seeks a declaration by this Court that Defendant SPHA's discriminatory actions constitute a violation of his protected rights under relevant law, and further seeks appropriate injunctive and monetary relief, and his attorneys' fees and costs as outlined herein.

### Jurisdiction and Venue

5.     This Court has jurisdiction over this matter under the following:

a.     28 U.S.C. § 1331, as this is a civil action arising under the Constitution, laws, and/or treaties of the United States;

b.     42 U.S.C. § 3613(a), in that Plaintiff asserts his claims of housing discrimination in a civil action, and also pursuant to 28 U.S.C. §§ 1331, 2201, 2202 and 1343(a)(4), in that this is a civil action seeking to redress the deprivation of the right to fair housing secured to Plaintiff by the Fair Housing Act;

c.     Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and 42 U.S.C. § 12205; and

2

      d.    Section 504 of the Rehabilitation Act, and Section 505 of the Rehabilitation Act, 29 U.S.C. § 794a.

      6.    Venue is proper in this district pursuant to 28 U.S.C. 1391(b) and 1391(c), as the Defendant is located in this judicial district and the events or omissions giving ruse to the claims occurred in this judicial district.

**Parties**

      7.    Plaintiff, Christopher Benjamin, is disabled within the meaning of the term under the FHA, the ADA, and the Rehabilitation Act. Chris was born with Albinism, which caused him to develop astigmatism and nystagmus. As a result, Chris has "low vision," is sensitive to light, shakes, especially when under stress, and his head tilts to focus in on reading things close up. Chris's near and distance vision are impaired by his condition. As a result, his major life activity of seeing is substantially limited.

      8.    Defendant, St. Petersburg Housing Authority, is a political subdivision of the State of Florida, governed by Chapter 421, Florida Statutes, whose mission is to provide a variety of safe, sanitary, accessible, decent and affordable housing to the citizens of the City of St. Petersburg.

**Statement of Facts**

      9.    Defendant SPHA's stated mission is to provide a variety of safe, sanitary, accessible, decent and affordable housing to the citizens of the City of St. Petersburg, while enhancing and promoting self-sufficiency.

      10.    It is the stated policy of Defendant SPHA that all of its housing programs comply with all applicable laws related to civil rights, including, but not limited to, Title VIII of the Civil

3

Rights Act of 1968 (as amended by the Fair Housing Amendments Act of 1988), Section 504 of

the Rehabilitation Act of 1973, and the Americans with Disabilities Act.

11.     In order to achieve its stated mission, Defendant SPHA operates multiple housing

programs, including its Public Housing Program and its Housing Choice Voucher Program

("Section 8 Program").

**Defendant SPHA's Public Housing Program**

12.     According to Defendant SPHA's website, its Public Housing Program was

established by the federal government in order to provide decent, safe and sanitary rental housing

for eligible low-income families, the elderly and persons with special needs.

13.     Defendant SPHA's Public Housing Program is governed by the U.S. Department

of Housing and Urban Development's (HUD) Public Housing Regulations, all Federal, State,

and local Fair Housing laws and regulations, and Defendant SPHA's own Public Housing

Program Admissions and Continued Occupancy Policy (hereinafter "Public Housing Program

ACOP").

14.     As stated in Defendant SPHA's Public Housing Program ACOP, all persons who

wish to apply for any of Defendant SPHA's programs must submit a pre-application.

15.     In order to assist persons in complying with such requirement, Defendant SPHA's

Public Housing ACOP specifically states that, when applying for admission, "[a]pplications will

be made available in an accessible format upon request from a person with a disability."

16.     Defendant SPHA's Public Housing ACOP further states that, "[t]o provide

specific accommodations to persons with disabilities, upon request, the information may be

mailed to the applicant and, if requested, it will be mailed in an accessible format."

4

17.     In a section of Defendant SPHA's Public Housing ACOP entitled "Reasonable Accommodation Policy," Defendant SPHA explains:

> This policy is intended to afford persons with disabilities an equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as those who do not have disabilities and is applicable to all situations described in this ACOP, including ... when a family applies ... [r]equests for reasonable accommodations from persons with disabilities will be granted at the expense of SPHA upon verification that they meet the need presented by the disability, and they do not create an undue administrative or financial burden.     .

**Defendant SPHA's Section 8 Program**

18.     Congress enacted the Section 8 Program as part of the Housing and Community Development Act of 1974, in order to aid lower income families in obtaining a decent place to live and to promote economically mixed housing.

19.     In order to carry out the Section 8 Program, the U.S. Department of Housing and Urban Development provides federal funds to a governmental entity or public body to act as a public housing agency and to operate housing programs for low-income families.

20.     In the City of St. Petersburg, Florida, the Section 8 tenant-based assistance programs are federally funded and administered by Defendant SPHA through its Section 8 Housing Choice Voucher housing office.

21.     Defendant SPHA's Section 8 Program is governed by the U.S. Department of Housing and Urban Development's (HUD) Section 8 Housing Choice Voucher Regulations, all federal, state, and local Fair Housing laws and regulations, and Defendant SPHA's own Housing Choice Voucher Administrative Plan (hereinafter "Section 8 Administrative Plan").

5

22.    As with Defendant SPHA's Public Housing Program, Defendant SPHA's Section 8 Administrative Plan states that all persons who wish to apply for any of Defendant SPHA's programs must submit a pre-application.

23.    In order to assist persons in complying with such requirement, Defendant SPHA's Section 8 Administrative Plan specifically states that, when applying for admission, "[a]pplications will be made available in an accessible format upon request from a person with a disability.  To provide specific accommodations to persons with disabilities, upon request, the information may be mailed to the applicant and, if requested, it will be mailed in an accessible format."

24.    As stated in Defendant SPHA's Section 8 Administrative Plan, once the initial Section 8 Program application is complete, Defendant SPHA further requires all applicant families who are determined to be eligible for assistance to attend a "HUD-required Initial Applicant Briefing."

25.    Defendant SPHA will not issue a Section 8 voucher to an applicant unless that applicant has attended such an Initial Applicant Briefing and signed the voucher.

26.    The stated purpose of this briefing is to explain the documents in the applicant's voucher holder's briefing packet, and explain how the program works so that individuals are fully informed about the program.

27.    Defendant SPHA's Section 8 briefing packet contains a number of documents essential to an applicant's understanding of the operation of the Section 8 Program and his or her rights and responsibilities pursuant to that program, including, but not limited to: the term of the voucher; a description of the method used to calculate the housing assistance payment; materials

6

to assist the applicant in selecting a unit; information on federal, state and local fair housing laws; a list of available, accessible units for persons with disabilities; Defendant SPHA's informal hearing procedures; and an applicant's rights as a tenant and program participant.

28.     In order to assist persons with complying with this requirement, Defendant SPHA's Section 8 Administrative Plan specifically states that these documents will be provided in an accessible format if required in order "to ensure effective communication," and must otherwise comply with all HUD requirements, citing 24 CFR 8.6.

29.     24 CFR Part 8, titled "Nondiscrimination Based on Handicap in Federally Assisted Programs and Activities of the Department of Housing and Urban Development," contains the HUD regulations implementing Section 504 of the Rehabilitation Act in federally assisted programs, services and activities.

30.     24 CFR 8.6, titled "Communications," states that any political subdivision which receives Federal financial assistance "shall take appropriate steps to ensure effective communication with applicants, beneficiaries, and members of the public." This includes a requirement that any such political subdivision "shall furnish appropriate auxiliary aids where necessary to afford an individual with handicaps an equal opportunity to participate in, and enjoy the benefits of, a program or activity receiving Federal financial assistance."

31.     24 CFR 8.6 further states that such political division "shall adopt and implement procedures to ensure that interested persons (including persons with impaired vision or hearing) can obtain information concerning the existence and location of accessible services, activities, and facilities."

**Defendant SPHA's Failure to Accommodate Christopher Benjamin**

32.     On May 24, 2015, as part of the application process for Defendant SPHA's Public Housing and Section 8 Programs, Christopher Benjamin emailed the primary e-mail addresses for both programs to request a reasonable accommodation for his disability.

33.     Specifically, Chris requested "any documents I receive to be in an enlarge *[sic]* format of at least 14 points *[sic]* due to a medical condition. If you *[sic]* organization has mailed me out any documents please resend them in the requested enlarge *[sic]* format."

34.     Chris received no response from Defendant SPHA to his reasonable accommodation request, and Defendant SPHA failed to resend any documents in a format that would accommodate Chris's disability.

35.     Following his reasonable accommodation request, Chris continued to receive documents from Defendant SPHA that were in a non-enlarged format that failed to accommodate his disability, regarding his applications for Defendant SPHA's Public Housing and Section 8 Programs.

36.     On October 15, 2015, Chris emailed Dawn Lucier, the Intake/Records Specialist for Defendant SPHA, regarding his application for Defendant SPHA's Section 8 Program.

37.     On October 16, 2015, Ms. Lucier emailed Chris and informed him that he had successfully submitted all of the required documentation in order to be eligible for Defendant SPHA's Section 8 Program, and would be receiving an orientation letter in the mail.

38.     Ms. Lucier's email further stated that Chris was now required to attend a mandatory Section 8 initial briefing session on October 26, 2015, which would "provide [him]

8

with the necessary information to be a successful tenant with the St. Petersburg Housing Authority."

39.    On October 21, 2015, Chris emailed Ms. Lucier to inform her that he had never received his orientation letter in the mail, in any format.

40.    The same day, Ms. Lucier emailed Chris, and confirmed that she had reserved a seat for him at the initial briefing session to be held on October 26, 2015.

41.    In the same email, Ms. Lucier stated "[i]f you need any special accommodations for [the] Orientation, please let me know."

42.    On October 22, 2015, Chris responded to Ms. Lucier via email, and confirmed that he would be attending the initial briefing session on October 26, 2015.

43.    In response to Ms. Lucier's question regarding any necessary accommodations for the initial briefing session, Chris again stated that "[he] would like to request as a reasonable accommodation due to a medical condition to have all of my documents enlarged to at least 14 points *[sic]* or greater."

44.    Chris again received no response from Defendant SPHA to his reasonable accommodation request.

45.    On October 26, 2015, Chris attended the mandatory, in-person Section 8 Program initial briefing session at Defendant SPHA's main offices in St. Petersburg, Florida.

46.    Despite his multiple, earlier requests for enlarged documents as a reasonable accommodation for his disability, all of the documents contained in Chris's Section 8 briefing packet and essential to his understanding of the operation of Defendant SPHA's Section 8 program were in a non-enlarged format which failed to accommodate his disability.

47.     Throughout the application process for both housing programs, Defendant SPHA refused to engage in an interactive process with Chris to identify and implement the appropriate reasonable accommodation and denied Chris's multiple requests for enlarged documents pertaining to the application process.

48.     Chris continues to live in the St. Petersburg area, and remains in need of, and eligible to receive, assistance from Defendant SPHA's Pubic Housing Program and Defendant SPHA's Section 8 Program.

### Count One
### Violations of the Fair Housing Act

49.     Paragraphs 1 through 48 are incorporated by reference herein the same as though fully set forth herein.

50.     Plaintiffs Christopher Benjamin suffers from astigmatism and nystagmus, which substantially limit his major life activity of seeing.   Chris is therefore disabled within the meaning as defined by the Fair Housing Act.

51.     Defendant SPHA acknowledged that its agents and employees were authorized to act for defendant SPHA when they committed the Fair Housing Act violations alleged herein. Defendant SPHA's agents and employees accepted the undertaking of acting on behalf of defendant SPHA when they committed the Fair Housing Act violations alleged herein. Defendant SPHA had control over its agents and employees when they committed the Fair Housing Act violations alleged herein.

52.     The Fair Housing Act violations alleged herein and committed by Defendant SPHA's agents and employees were done while acting within the course and scope of their

10

employ and/or agency with Defendant SPHA. Thus, Defendant SPHA is vicariously liable for the actions of their agents and employees when they committed the Fair Housing Act violations alleged herein.

53.     Christopher requested a reasonable accommodation and his need for a reasonable accommodation was known and obvious.

54.     Defendant SPHA, its employees and agents, knew and/or should have known of Christopher's need for a reasonable accommodation.

55.     Defendant SPHA has discriminated and are continuing to discriminate against Christopher Benjamin on the basis of his disability by, among other things, improperly denying Christopher's request for a reasonable accommodation and failing to engage in an interactive process with Christopher to identify and implement an appropriate reasonable accommodation, in violation of the Fair Housing Act, 42 U.S.C. § 3604 et seq. Such denial also constitutes a statement indicating discrimination based on handicap.

56.     As a direct and proximate result of Defendant SPHA's discriminatory actions in violation of the Fair Housing Act, plaintiff Christopher Benjamin has suffered damages, including, but not limited to, those articulated below.

WHEREFORE, Plaintiff, Christopher Benjamin, respectfully requests this Court to:

A.     assume jurisdiction over this matter;

B.     declare that Defendant discriminated against Plaintiff Christopher Benjamin in violation of the Fair Housing Act, 42 U.S.C. § 3604 et seq., and its implementing regulations;

11

C.     enter preliminary and permanent injunctive relief requiring Defendant, its successors in office, agents and employees, and all other persons in concert therewith, to immediately change its policies, procedures, and practices, so that Plaintiff Christopher Benjamin will be provided with documents regarding Defendant SPHA's Public Housing and Section 8 Program in enlarged format so that he will not be subjected to discrimination;

D.     enter preliminary and permanent injunctive relief enjoining Defendant, its successors in office, agents and employees, and all other persons in concert therewith, from taking or continuing any action which has the purpose or effect of discriminating against Plaintiff Christopher Benjamin by virtue of his disability;

E.     enter preliminary and permanent injunctive relief enjoining Defendant, its successors, and its servants, agents and employees, and all those acting in concert with it, from discriminating on the basis of disability;

F.     order Defendant to take appropriate affirmative action to ensure that the activities complained of above are not engaged in again by Defendant, its successors, and its servants, agents and employees, and all those acting in concert with it;

G.     enter preliminary and permanent injunctive relief requiring Defendant, its successors, and its servants, agents and employees, and all those acting in concert with it, to adopt policies, procedures and practices, which will ensure that all disabled individuals may be able to properly complete the application process for Defendant SPHA's Public Housing and Section 8 Programs without being subjected to discrimination;

H.   award Plaintiff Christopher Benjamin compensatory damages, including, but not

limited to, damages for emotional distress, insult, loss of dignity, and any other

intangible injuries incurred as a result of Defendant's discriminatory conduct;

I.   award Plaintiff Christopher Benjamin pre- and post-judgment interest;

J.   award Plaintiff Christopher Benjamin his attorneys' fees and costs; and

K.   grant such other and further relief as the Court deems just and equitable.

### Count Two
### Violations of the Rehabilitation Act of 1973

57.   Paragraphs 1 through 48 are incorporated by reference herein the same as though
fully set forth herein.

58.   Plaintiff Christopher Benjamin suffers from astigmatism and nystagmus, which
substantially limit his major life activity of seeing. Chris is therefore disabled within the
meaning as defined by the Rehabilitation Act.

59.   Christopher Benjamin continues to live in the St. Petersburg area, and remains in
need of, and eligible to receive, assistance from Defendant SPHA's Pubic Housing Program and
Defendant SPHA's Section 8 Program.

60.   Plaintiff Christopher Benjamin was and is a "qualified individual" pursuant to the
Rehabilitation Act.

61.   Defendant SPHA is a public entity that receives federal financial assistance and
has violated Section 504(a) of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794.

62.   Defendant SPHA acknowledged that its agents and employees were authorized to
act for defendant SPHA when they committed the Rehabilitation Act violations alleged herein.

13

Defendant SPHA's agents and employees accepted the undertaking of acting on behalf of defendant SPHA when they committed the Rehabilitation Act violations alleged herein. Defendant SPHA had control over its agents and employees when they committed the Rehabilitation Act violations alleged herein.

63.     The Rehabilitation Act violations alleged herein and committed by Defendant SPHA's agents and employees were done while acting within the course and scope of their employ and/or agency with Defendant SPHA. Thus, Defendant SPHA is vicariously liable for the actions of their agents and employees when they committed the Rehabilitation Act violations alleged herein.

64.     Christopher Benjamin requested a reasonable accommodation and his need for a reasonable accommodation was known and obvious.

65.     Defendant SPHA knew or should have known of the need to accommodate Christopher Benjamin's disability and consciously and knowingly failed to provide such an accommodation.

66.     Defendant SPHA, intentionally or with deliberate indifference, has discriminated and are continuing to discriminate against Christopher Benjamin on the basis of his disability by, among other things, improperly denying Christopher's request for a reasonable accommodation and failing to engage in an interactive process with Christopher to identify and implement an appropriate reasonable accommodation, in violation of the Rehabilitation Act.

67.     As a result of Defendant SPHA's discriminatory actions in violation of the Rehabilitation Act, plaintiff Christopher Benjamin has suffered damages, including, but not limited to, those articulated below.

14

WHEREFORE, Plaintiff, Christopher Benjamin, respectfully requests this Court to:

A.   assume jurisdiction over this matter;

B.   declare that Defendant discriminated against Plaintiff Christopher Benjamin in violation of Section 504(a) of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794;

C.   enter preliminary and permanent injunctive relief requiring Defendant, its successors in office, agents and employees, and all other persons in concert therewith, to immediately change its policies, procedures, and practices, so that Plaintiff Christopher Benjamin will be provided with documents regarding Defendant SPHA's Public Housing and Section 8 Program in enlarged format so that he will not be subjected to discrimination;

D.   enter preliminary and permanent injunctive relief enjoining Defendant, its successors in office, agents and employees, and all other persons in concert therewith, from taking or continuing any action which has the purpose or effect of discriminating against Plaintiff Christopher Benjamin by virtue of his disability;

E.   enter preliminary and permanent injunctive relief enjoining Defendant, its successors, and its servants, agents and employees, and all those acting in concert with it, from discriminating on the basis of disability;

F.   order Defendant to take appropriate affirmative action to ensure that the activities complained of above are not engaged in again by Defendant, its successors, and its servants, agents and employees, and all those acting in concert with it;

G.      enter preliminary and permanent injunctive relief requiring Defendant, its successors, and its servants, agents and employees, and all those acting in concert with it, to adopt policies, procedures and practices, which will ensure that all disabled individuals may be able to properly complete the application process for Defendant SPHA's Public Housing and Section 8 Programs without being subjected to discrimination;

H.      award Plaintiff Christopher Benjamin compensatory damages, including, but not limited to, damages for emotional distress, insult, and loss of dignity, and any other intangible injuries incurred as a result of Defendant's discriminatory conduct;

I.      award Plaintiff Christopher Benjamin pre- and post-judgment interest;

J.      award Plaintiff Christopher Benjamin his attorneys' fees and costs; and

K.      grant such other and further relief as the Court deems just and equitable.

**Count Three**
**Violations of the Americans with Disabilities Act**

68.     Paragraphs 1 through 48 are incorporated by reference herein the same as though fully set forth herein.

69.     Plaintiff Christopher Benjamin suffers from astigmatism and nystagmus, which substantially limit his major life activity of seeing.  Chris is therefore disabled within the meaning as defined by the Americans with Disabilities Act.

16

70.     Christopher Benjamin continues to live in the St. Petersburg area, and remains in need of, and eligible to receive, assistance from Defendant SPHA's Pubic Housing Program and Defendant SPHA's Section 8 Program.

71.     Plaintiff Christopher Benjamin was and is a "qualified individual" pursuant to the Americans with Disabilities Act.

72.     Defendant SPHA is a public entity pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213.

73.     Defendant SPHA acknowledged that its agents and employees were authorized to act for defendant SPHA when they committed the Americans with Disabilities Act violations alleged herein. Defendant SPHA's agents and employees accepted the undertaking of acting on behalf of defendant SPHA when they committed the Americans with Disabilities Act violations alleged herein. Defendant SPHA had control over its agents and employees when they committed the Americans with Disabilities Act violations alleged herein.

74.     The Americans with Disabilities Act violations alleged herein and committed by Defendant SPHA's agents and employees were done while acting within the course and scope of their employ and/or agency with Defendant SPHA. Thus, Defendant SPHA is vicariously liable for the actions of their agents and employees when they committed the Americans with Disabilities Act violations alleged herein.

75.     Christopher Benjamin requested a reasonable accommodation and his need for a reasonable accommodation was known and obvious.

17

76.     Defendant SPHA knew or should have known of the need to accommodate Christopher Benjamin's disability and consciously and knowingly failed to provide such an accommodation.

77.     Defendant SPHA, intentionally or with deliberate indifference, has discriminated and are continuing to discriminate against Christopher Benjamin on the basis of his disability by, among other things, improperly denying Christopher's request for a reasonable accommodation and failing to engage in an interactive process with Christopher to identify and implement an appropriate reasonable accommodation, in violation of the Americans with Disabilities Act.

78.     As a result of Defendant SPHA's discriminatory actions in violation of the Americans with Disabilities Act, plaintiff Christopher Benjamin has suffered damages, including, but not limited to, those articulated below.

WHEREFORE, Plaintiff, Christopher Benjamin, respectfully requests this Court to:

A.      assume jurisdiction over this matter;

B.      declare that Defendant discriminated against Plaintiff Christopher Benjamin in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213;

C.      enter preliminary and permanent injunctive relief requiring Defendant, its successors in office, agents and employees, and all other persons in concert therewith, to immediately change its policies, procedures, and practices, so that Plaintiff Christopher Benjamin will be provided with documents regarding Defendant SPHA's Public Housing and Section 8 Program in enlarged format so that he will not be subjected to discrimination;

18

D.   enter preliminary and permanent injunctive relief enjoining Defendant, its successors in office, agents and employees, and all other persons in concert therewith, from taking or continuing any action which has the purpose or effect of discriminating against Plaintiff Christopher Benjamin by virtue of his disability;

E.   enter preliminary and permanent injunctive relief enjoining Defendant, its successors, and its servants, agents and employees, and all those acting in concert with it, from discriminating on the basis of disability;

F.   order Defendant to take appropriate affirmative action to ensure that the activities complained of above are not engaged in again by Defendant, its successors, and its servants, agents and employees, and all those acting in concert with it;

G.   enter preliminary and permanent injunctive relief requiring Defendant, its successors, and its servants, agents and employees, and all those acting in concert with it, to adopt policies, procedures and practices, which will ensure that all disabled individuals may be able to properly complete the application process for Defendant SPHA's Public Housing and Section 8 Programs without being subjected to discrimination;

H.   award Plaintiff Christopher Benjamin compensatory damages, including, but not limited to, damages for emotional distress, insult, and loss of dignity, and any other intangible injuries incurred as a result of Defendant's discriminatory conduct;

I.   award Plaintiff Christopher Benjamin pre- and post-judgment interest;

J.   award Plaintiff Christopher Benjamin his attorneys' fees and costs; and

K.      grant such other and further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff demands trial by jury on all issues that can be heard by a jury.

Respectfully submitted,

Joshua A. Glickman, Esq.
Florida Bar No. 43994
josh@sjlawcollective.com
Shawn A. Heller, Esq.
Florida Bar No. 46346
shawn@sjlawcollective.com

Social Justice Law Collective, PL
434 Skinner Blvd.
#206
Dunedin, FL 34698
(202) 709-5744
(866) 893-0416 (Fax)

Attorneys for the Plaintiff

By:   *s/ Joshua A. Glickman*
            Joshua A. Glickman, Esq.